IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| MY NATIONAL TAX & INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> H&R BLOCK TAX SERVICES, INC., <br><br> Defendant. | Civil Action No. 8:10-cv-02411-AW |

**MEMORANDUM OPINION**

My National Tax & Insurance Services, Inc. brings this action against Defendant H&R Block Tax Services, Inc. Plaintiff asserts claims for (1) fraud and misrepresentation and (2) breach of contract. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Fraud Claim ("Motion to Dismiss"). The Parties have fully briefed the matter and the Court deems no hearing necessary. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from a series of business negotiations that culminated in Plaintiff My National Tax & Insurance Services, Inc. ("My National") becoming a franchisee of Defendant H&R Block Tax Services, Inc. ("HR Block"). The Court takes the following facts from My National's Amended Complaint and assumes their truth for the purpose of ruling on the instant Motion.

In June 2006, HR Block representative Carroll Koon ("Koon") approached My National regarding converting its business into an H&R Block franchise. Shortly thereafter, My National and HR Block started negotiating the terms of the conversion. On July 6, 2007, the Parties entered into a Franchise License Agreement and Conversion Agreement ("Agreement") for the conversion of My National into an H&R Block franchise. The Agreement provided that HR Block was to pay My National an amount of $450,000.00 in two installments. Specifically, the Agreement provided that HR Block owed the initial payment of $225,000 upon its execution and the final payment of $225,000 no later than sixty days following its first anniversary.

My National executed the Agreement without noticing that the Agreement conditioned payment of the second installment of $225,000 on the number of returns My National prepared during the first year following the execution of the Agreement. Specifically, My National had to prepare 4,105 returns as a condition of receiving the full $225,000 payment. My National alleges that, in the prelude to the Parties' consummation of the Agreement, Koon conducted a "due diligence review." Allegedly, "[i]t was apparent from the due diligence [review] that the most tax returns [that can be] prepared within the same demographic area within a year is 2,600." In other words, My National alleges that Koon knew that My National could not reach the performance target.

In October 2007, My National discovered that the Agreement conditioned receipt of the $225,000 on completion of the performance target. My National protested, whereupon the Parties engaged in a series of discussions regarding the performance target. Allegedly, My National "contacted the Director of [the] Franchise Department at Defendant's headquarters in Kansa[s] City and was advised that they [sic] will look into the discrepancy and rectify it." My National also alleges that HR Block eventually advised it that it was entitled to receive only

$72,241.17 of the disputed $225,000 sum. According to My National, the Agreement obligated HR Block to make the final payment—irrespective of amount—on September 4, 2008. My National asserts, however, that HR Block failed to make even the $72,241.17 payment until February 6, 2009.

On July 6, 2010, My National sued HR Block in the Circuit Court for Prince George's County, Maryland, asserting claims for fraud and misrepresentation and breach of contract. Shortly after it removed the case, HR Block moved for a more definitive statement. Doc. 12. The Court granted HR Block's motion in an Order issued on July 8, 2011. Doc. 20. In its Order, the Court ruled that, in contravention of Rule 9 of the Federal Rules of Civil Procedure, My National failed to plead its fraud and misrepresentation claim with particularity.

A couple of weeks later, My National filed an Amended Complaint. Doc. 23. On August 4, 2011, HR Block filed the instant Motion to Dismiss. Doc. 24.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States* ex rel. *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted) (citing *Harrison*, 176 F.3d at 784). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id.* (some internal quotation marks omitted) (quoting *United States* ex rel. *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

### III.   LEGAL ANALYSIS

In its Motion to Dismiss, HR Block sets forth two primary arguments. First, HR Block argues that My National failed to plead its fraud and misrepresentation claim with particularity in its Amended Complaint. Second, HR Block argues that My National failed to file its initial Complaint within the time that the applicable Maryland statute prescribes for fraud and misrepresentation claims. The Court rejects HR Block's second argument outright: My National

alleges, and essentially all the record evidence indicates, that My National filed its Complaint exactly three years from the date it executed the Agreement. HR Block's second argument, however, carries the day. The Court considers the merits of this argument in the subsequent space.

My National fails to plead its fraud and misrepresentation claim with particularity.[1] As for its affirmative misrepresentation claim, My National fails to identify the person who allegedly misrepresented that the Agreement contained the disputed performance target term. Although My National alleges that Koon negotiated the Agreement, My National never alleges that Koon affirmatively misrepresented that My National would not have to prepare 4,105 returns as a precondition to receiving the full $225,000 payment. The closest My National comes to alleging that anyone from HR Block affirmatively misrepresented anything is its allegation that it "contacted the Director of [the] Franchise Department . . . and was advised that they [sic] will look into the discrepancy and rectify it." To the extent this vague statement constitutes an affirmative misrepresentation, HR Block made it well *after* My National had entered into the Agreement. Therefore, My National fails to state a facially plausible claim for affirmative misrepresentation, let alone plead it with particularity.

What is more, My National fails to allege satisfaction of the elements of an affirmative misrepresentation claim. "To recover damages in a fraud action, a plaintiff must prove the following elements: (1) that the defendant made a false representation to the plaintiff; (2) that the falsity was known to the defendant or made with reckless indifference to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered

---

[1] My National fails to specify whether its fraud and misrepresentation claim is for affirmative misrepresentation, fraudulent concealment, or both. Mindful of its obligation to construe pleadings liberally, the Court treats the Amended Complaint as stating claims for both affirmative misrepresentation and fraudulent concealment.

compensable injury resulting from the misrepresentation." *Bank of America, N.A. v. Jill P. Mitchell Living Trust U/A DTD 06.07.1999*, Civil Action No. 10-CV-00857 AW, 2011 WL 5386379, at *24 (D. Md. Nov. 3, 2011) (citing *Nails v. S & R, Inc.*, 639 A.2d 660, 668–69 (Md. 1994)). As indicated above, My National fails to adequately allege that HR Block made a false statement. Further, My National fails to allege that it had a right to rely on any alleged misrepresentation. Generally, a plaintiff has no right to rely on an alleged misrepresentation that directly contradicts the terms of a contract to which the person is a signatory. *See id.* at *25 (citing *James v. Goldberg*, 261 A.2d 753, 758 (Md. 1970)). Here, assuming *arguendo* that My National's allegations supported the inference that Koon affirmatively misrepresented the performance target term, the allegations would still support the inference that the performance target term expressly and directly contradicts the alleged misrepresentation. Accordingly, My National has failed to state a cognizable claim for affirmative misrepresentation.

My National has also failed to state a cognizable claim for fraudulent concealment. The essential elements of a claim for fraudulent concealment are as follows: "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999) (citation omitted). "'**Absent a fiduciary relationship**, [the Court of Appeals of Maryland] has held that a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence.'" *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 275 (Md. 2007) (emphasis added) (quoting *Frederick Rd. Ltd.*

*P'ship v. Brown & Sturm*, 756 A.2d 963, 976 n.14 (2000)). In other words, for a claim of fraudulent concealment to be actionable, plaintiffs generally must allege and prove the existence of a fiduciary relationship. *See id.* Here, however, My National has made no such allegation. Moreover, the Amended Complaint is not amenable to such an inference. Accordingly, although My National alleges that Koon failed to disclose the true performance target, My National's allegations fail to state a facially plausible claim that HR Block owed it such a duty. Furthermore, My National's fraudulent concealment claim would fail even if HR Block owed it such a duty as My National has not adequately alleged that it justifiably relied on the alleged material omission.[2] Again, My National's allegations lead to the inference that the performance target was an express term of the Agreement. My National has alleged no justification for its apparent failure to read the Agreement, identify the performance target term, and object to it. *Cf. Jill P. Mitchell Living Trust*, 2011 WL 5386379, at *24 (granting summary judgment against a party's material omission claim under the Maryland Consumer Protection Act because the party willfully failed to read the contract in dispute despite voluntarily signing it).

In light of the analysis above, My National's fraud and misrepresentation claim fails as a matter of law. My National has not adequately alleged a claim for either affirmative misrepresentation or fraudulent concealment. The Amended Complaint's allegations are vague

---

[2] My National also apparently attempts to state a claim for fraud under the The Maryland Franchise Registration and Disclosure Law. *See* Md. Code Ann., Bus. Reg. § 14-227. Section 14-227 essentially provides that a franchisor is civilly liable to a franchisee where the franchisor (1) makes an affirmative misrepresentation or (2) makes a material omission that is necessary to make the franchisor's representations not misleading. *See id.* § 14-227(a). My National's claim under this provision fails, more or less, for the same reasons that its common law fraud claims fail. First and foremost, the Amended Complaint fails to adequately allege that Koon—or any other HR Block representative—made an untrue statement. Second, although My National has identified a purported material omission (Koon's alleged knowledge that the performance target was unattainable), the Amended Complaint does not sufficiently state that disclosure of this knowledge was required to render HR Block's other statements not misleading. Indeed, the Amended Complaint contains no allegations concerning any other statements of substance on which My National supposedly relied. Accordingly, My National has failed to state a facially plausible claim under this statute.

and My National does not sufficiently plead satisfaction of the elements of fraud, no matter the variety. Accordingly, the Court dismisses My National's fraud claim. This dismissal is **with prejudice**. My National has failed to state a cognizable claim for fraud in both its Complaint and Amended Complaint; there is no reason to think that the third time would be a charm.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order follows. As Plaintiff's breach of contract claim remains in the suit, the Court will issue a Scheduling Order.

| January 11, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |